UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD GARY TOWNSEND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>OAK SMITH,<br><br>　　　　Respondent. | Case No. 23-cv-06102-JST<br><br>**ORDER DISMISSING PETITION; DENYING CERTIFICATE OF APPEALABILITY; DENYING REQUEST FOR STAY**<br><br>Re: ECF Nos. 4, 7 |

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. For the reasons set forth below, the Court DISMISSES this petition for lack of federal habeas jurisdiction; DENIES a certificate of appealability; and DENIES Petitioner's request for a stay, ECF No. 4 at 7, ECF No. 7 at 1.

**DISCUSSION**

In 2012, Petitioner was convicted of first-degree murder and sentenced to a prison term of 50 years to life. *See Lloyd v. Soto*, C No. 15-cv-03692 JST, 2016 WL 5869764, at *1 (Oct. 7, 2016). In this petition, Petitioner raises claims challenging the state court proceedings arising out of his Cal. Penal Code § 1170.95 resentencing petition, alleging that (1) the state court erred in denying him counsel for his Cal. Penal Code § 1170.95 resentencing hearing, in violation of Cal. Penal Code § 1170.95, and (2) the state court erred in holding a hearing on his Cal. Penal Code § 1170.95 resentencing petition without notifying him and without his presence. *See generally* ECF No. 4. On December 20, 2023, the Court screened the petition and found that the petition failed to state cognizable claims for federal habeas relief because neither claim alleged a violation of the federal Constitution or federal laws:

> The right to counsel during the Cal. Penal Code § 1170.95 resentencing process is guaranteed by state law (Cal. Penal Code § 1170.95), not federal law. The federal constitution's right to counsel applies to trial and the first appeal as of right, but no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see Marshall v. Rodgers*, 569 U.S. 58, 52 (2013). "[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *see also Finley*, 481 U.S. at 556. Similarly, Petitioner has no federal constitutional right to be represented by counsel for his Section 1170.95 resentencing petition. *See, e.g., Clemons v. Johnson*, C No. 2:22-cv-05719-MWF (AFM), 2023 WL 5184181, at *2 (C.D. Cal. Jun. 16, 2023) (collecting cases); *Williams v. Martinez*, C No. 2:22-cv-1593 DAD KJN P, 2023 WL 4748560, at *6 (C.D. Cal. Jul. 25, 2023) (collecting cases).
>
> To the extent that the petition's second claim relies on the federal constitutional right to be personally present at all critical stages of the trial, this right applies only to trial, *see Illinois v. Allen*, 397 U.S. 337, 338 (1970), and sentencing, *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006), *overruled on other grounds by United States v. Montoya*, 82 F.4th 640, 648 (9th Cir. 2023). The Court is unaware of any Supreme Court law extending this right to other state proceedings, such as a hearing on a Section 1170.95 resentencing petition.

ECF No. 6 at 2. The Court ordered Petitioner to show cause why the petition should not be dismissed for lack of federal habeas jurisdiction. *See generally* ECF No. 6. Petitioner has filed the following response:

> I provided the court a notice that I filed the petition with the wrong court. I have sent a new petition to the correct appeals court and I'm waiting for the court to respond to my notice of appeal.
>
> I would like to request a motion to stay this claim pending a response from the appeal court action on my notice of appeal thank you.

ECF No. 7 at 1. Petitioner has not disputed that his claims only challenge state laws. Accordingly, this habeas petition is DISMISSED for lack of federal habeas jurisdiction.

Petitioner has requested that this action be stayed pending the state appellate court's consideration of his appeal. ECF No. 4 at 7 and ECF No. 7 at 1. The Court DENIES the request to stay this case because the Court lacks jurisdiction to consider this petition regardless of whether Petitioner exhausts his state court remedies. A federal district court may only consider claims that (1) allege that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States," and (2) for which state court remedies have been exhausted. 28 U.S.C. § 2254.

Petitioner's claims fail to meet either of the requirements set forth in 28 U.S.C. § 2254. Petitioner's claims do not allege violations of the federal Constitution or federal law, and Petitioner's claims are unexhausted. Even if Petitioner exhausts his state court remedies for his claims by presenting his claims to the state appellate court and state supreme court, this Court still lacks jurisdiction to consider the claims raised in this petition because the claims do not allege violations of the federal Constitution or federal law, as required by 28 U.S.C. § 2254(a). The Court cannot stay an action over which it lacks jurisdiction.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this petition for lack of federal habeas jurisdiction; DENIES a certificate of appealability; and DENIES Petitioner's request for a stay, ECF No. 4 at 7, ECF No. 7 at 1. The Clerk shall enter judgment in favor of Respondent and against Petitioner, and close the case.

This order terminates ECF No. 4 at 7 and ECF No. 7 at 1.

**IT IS SO ORDERED.**

Dated: February 21, 2024


JON S. TIGAR
United States District Judge